IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF OKLAHOMA

LINDA SUE MCKEAN, individually and )
in her capacity as shareholder and )
director of Spiro Nursing Home, Inc., )
                                      )
          Plaintiff,               )
vs.                                  )    CASE NO.   16-CV-320-SPS
                                      )
RHONDA MCCLURE, GARON MCCLURE, )
And SPIRO NURSING HOME, INC., )
an Oklahoma Corporation )
                                      )
          Defendants.            )

## COMPLAINT

**COMES NOW** the Plaintiff, Linda Sue McKean, and for her cause of action against the Defendants, Rhonda McClure, Garon McClure, and Spiro Nursing Home, Inc., she alleges and states as follows:

*JURISDICTION AND VENUE*

1.     Plaintiff is an individual residing in Franklin County, Arkansas.

2.     Defendants, Rhonda McClure and Garon McClure, are both residents of Leflore County, Oklahoma.

3.     The actions of Defendants alleged herein took place in whole or in part in Leflore County, Oklahoma.

4.     That the Defendant, Spiro Nursing Home, Inc., is a closely held Oklahoma S Corporation with principal place of business being a nursing home in Leflore County, Oklahoma. That attached hereto as Exhibit "A" is a true and correct copy of the By-Laws of Spiro Nursing Home, Inc.

5. This court has jurisdiction of the parties and subject matter jurisdiction pursuant to 28 U.S.C. §1331, §1332(a)(1) and the doctrine of pendent jurisdiction. The amount at issue in this case, exclusive of interest and costs, exceeds $75,000.00.

6. Venue is proper in this Court under 28 U.S.C. §1391.

## GENERAL FACTS PERTINENT TO ALL CAUSES OF ACTION

7. Plaintiff is a majority shareholder of the Defendant, Spiro Nursing Home, Inc., which currently operates a 95 bed licensed nursing home in Spiro, Oklahoma. Plaintiff is also secretary-treasurer and a member of the Board of Directors of said corporation for over 20 years.

8. The following is a statement of the current ownership among the current shareholders of said corporation:

   a. Linda Sue McKean..................................40%

   b. Patsy Odom...........................................10%

   c. Rhonda McClure....................................37.3%

   d. Garon McClure......................................10%

   e. Happy Wilson........................................2.7%

9. That Patsy Odom is aligned with Plaintiff in ideology and voting and Rhonda McClure, together with her son and daughter, Garon McClure and Happy Wilson are all aligned together and as a result thereof this is a deadlocked corporation wherein each side controls 50% of said corporation.

10.     That the Defendants, Rhonda McClure and Garon McClure, have nevertheless taken over the day to day affairs of the nursing home to the practical exclusion of Plaintiff and Patsy Odom.

11.     That while there have been annual shareholder meetings there have been no meaningful meetings of the Board of Directors for several years because of the deadlock.  That the current Board of Directors were never elected but were told they were members at an annual meeting of shareholders. Those are:  Rhonda McClure, Linda S. McKean, Patsy Odom and Happy Wilson. That according to the by-laws of the corporation the President of the Board of Directors is charged with the day to day affairs of the corporation but the Directors have been unable to elect a President because of the deadlock in voting.  At the last corporate meeting on July 12, 2016 there was once again deadlock with an inability to elect a President and a deadlock over removal of the administrator.  Further deadlock occurred regarding all other matters voted upon.

12.     That the business of the corporation is suffering and is threatened with irreparable harm and injury because the Directors are so divided as to the management of the affairs of the corporation because the required majority vote for action by the Board of Directors cannot be obtained and the shareholders are unable to terminate the division.

13.     That without the consent of Plaintiff or the Directors as required by the by-laws Garon McClure assumed the position of the administrator of the nursing home and Rhonda McClure assumed the position of figure-head office

3

manager. That Plaintiff and her sister, Patsy Odom, object to the running of the nursing home by Defendants, Rhonda McClure and Garon McClure, but are unable to do anything about their actions. Attached hereto as Exhibit "B" and Exhibit "C" respectively are affidavits from Linda S. McKean and Patsy Odom to the effect that they both disagree with the actions and activities of Rhonda McClure and Garon McClure but are unable to do anything about their actions because of the deadlock.

14. That Defendants changed the locks on the nursing home and Plaintiff was locked out, Plaintiff is shut out of day-to-day management, accounting and decision making, has no direct access to bank accounts or records and cannot sign checks as a result of the take-over by Defendants McClure even though Plaintiff has been secretary-treasurer for over 20 years.

15. That the Plaintiff and her sister, Patsy Odom, are in poor health and have designated family members, Ed and Donna Pendergrass, as their attorneys in fact to audit the finances of the nursing home.

16. That after a limited audit by the Pendergrasses at least the following irregularities have been detected in the finances of the nursing home:

    a.    the Defendants McClure have at various times misappropriated corporate funds for their personal use with personal charges for gas, charges for work on personal vehicles and charges to corporate credit cards for personal use;

    b.    the business of the corporation is suffering or is threatened with irreparable injury as best illustrated by the fact that without significant change in income it has went from a very profitable business showing a profit of $159,830.77 in 2014 to a net loss of $119,729.80 in 2015 and recently has shown a loss of $70,194.48 in just

    over the last five months ending May 2016. In addition, the corporate bank account which had an accumulated surplus of over $370,000.00 in June 2015 has been severely depleted to an amount of $124,356.51 as of May 31, 2016. Attached hereto as Exhibit "D" and incorporated herein is a Financial Statement;

c.  a number of cash and checking transactions were not properly documented or readily traceable;

d.  there are a number of very questionable expenses of the corporation including hugely inflated laundry services. The laundry contract entered into by the administrator has cost the corporation $100,000.00 in just one year over the in-house laundry service used in prior years;

e.  Defendants, Rhonda McClure and Garon McClure, are paying themselves salaries of $71,578.12 and $96,235.94 respectively without authorization from the Board of Directors. That while Garon McClure's compensation as administrator is somewhat high and out of line, the compensation of Rhonda McClure as office manager is entirely unnecessary as duplicating what an administrator normally does; and

f.  Plaintiff and her authorized representatives have been denied access to certain medical billing records which are necessary to an effective audit so there would appear to be a large amount of money unaccounted for.

17.  That over the course of the last several years the Defendants McClure have unilaterally decided when or when not to declare dividends and have several times declared dividends that were retained and not actually distributed. The net result of Defendants' McClure actions have been to force or squeeze the Plaintiff and her sister, Patsy Odom, out of the nursing home business to the point that they receive little or no income from what should be a very profitable business while Defendants McClure digest all the income.

### *FIRST CAUSE OF ACTION - BREACH OF FIDUCIARY DUTY*

18. The acts and omissions of Defendants McClure described above constitute a breach of Defendants' fiduciary duties toward Plaintiff as a shareholder and breach of fiduciary duty toward the corporation, directly injuring this Plaintiff and the corporation.

19. That said acts and omissions of Defendants have damaged Plaintiff in an amount in excess of Seventy-five Thousand Dollars and No/100 ($75,000.00) and are continuing to damage Plaintiff.

### *SECOND CAUSE OF ACTION - ACCOUNTING AND APPOINTMENT OF RECEIVER OR CUSTODIAN*

20. That the Plaintiff is entitled to a full and accurate accounting and as she has made demand and been denied access to certain records this Court should order a full and complete accounting with access to all corporate records which should be provided at corporate expense.

21. That because of the actions of the Defendants McClure described above and the deadlock of the corporation this Court should appoint a receiver/custodian to take over and manage the day to day affairs of the corporation pending liquidation, including all bank accounts and that a temporary injunction be entered enjoining and restraining any transfers of assets or funds without further order of the Court other than in the day to day operation of the nursing home by the administrator. Further, the Court appointed receiver/custodian should audit the corporate records and books and make reports to this Court at corporate expense.

*THIRD CAUSE OF ACTION - FRAUD AND MISREPRESENTATION*

22. That the Defendants McClure have engaged in a scheme to defraud Plaintiff and her sister, Patsy Odom, over the course of many years by improperly and underreporting income, retaining earnings without proper allocation, converting income and assets to their own use, all to take over the affairs of the corporation and squeeze out Plaintiff and Patsy Odom all as more specifically set forth above.

23. That the Defendants owed a duty to Plaintiff and Patsy Odom to properly report income and expenses and to fully and accurately report corporate affairs and their failure to do so constitutes a series of ongoing misrepresentations, all of which has damaged Plaintiff in excess of Seventy-five Thousand and No/100 ($75,000.00)

*FOURTH CAUSE OF ACTION - DISSOLUTION OF CORPORATION*

24. That because of the deadlock and dissension among the shareholders and Board of Directors and mismanagement of the corporation for the benefit of the Defendants this Court should order dissolution of the corporation.

**WHEREFORE,** premises considered, Plaintiff prays for the following relief on behalf of herself individually and/or on behalf of the corporation:

    a. That an accounting be taken of all corporate dealings and transactions from August, 1999 to present and that after such accounting that Defendants be required to make restitution of any money or property wrongfully appropriated from the corporation or that belongs to the individual shareholders;

7

b. That as a provisional remedy, a receiver and/or custodian be appointed to take charge of the corporate business and affairs and ultimately to wind down and liquidate the corporation and that a decree of dissolution should be ordered;

c. That Plaintiff be awarded judgment in excess of $75,000.00 as actual damages for the breach of fiduciary duties and active fraud of the Defendants McClure;

d. That Plaintiff be awarded punitive damages to punish the Defendants McClure for their actions;

e. That a temporary injunction issue forbidding Defendants McClure and any person acting with them, or on their behalf or at their request from transferring, alienating, paying, dissipating, hiding, or abandoning any funds or property of the corporation, except in the ordinary course of business;

f. That Plaintiff be awarded her costs, attorneys fees and such other and further relief as may be just and equitable.

Respectfully Submitted,

By: *s/ Bill J. Nunn*
Bill J. Nunn, OBA #6726
105 East Main Street
Stigler, OK  74462
918/967-3131 – Telephone
918/967-3373 – Facsimile
bnunn27@yahoo.com
ATTORNEY FOR PLAINTIFF

**JURY TRIAL DEMANDED AS TO LEGAL CLAIMS**

**ATTORNEY LIEN CLAIMED**